## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| FREEPLAY MUSIC, LLC, <br> 1650 Broadway, Suite 1108 <br> New York, New York, 10019 <br><br> Plaintiff, <br> v. <br><br> LOYOLA UNIVERSITY MARYLAND, <br> 4501 N. Charles Street <br> Baltimore, Maryland  21210 <br><br>  SERVE: Kristy Michel <br>         4501 N. Charles Street <br>         Jenkins Hall, Suite 220 <br>         Baltimore, Maryland  21210 <br><br> Defendant. | CIVIL ACTION NO. |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL**

Plaintiff FREEPLAY MUSIC, LLC, by and through its attorneys of record, alleges as follows:

**JURISDICTION & VENUE**

1.  This is an Action for copyright infringement. As such, subject matter jurisdiction over this Action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338, as Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2. Loyola University Maryland ("Loyola" or "Defendant") is, upon information and belief, a private non-profit educational institution which is headquartered in Baltimore, Maryland.

3. Venue is proper in this district by virtue of 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400 in that Loyola is subject to personal jurisdiction in this district and, thus, resides here.

## PARTIES

4. Plaintiff Freeplay Music, LLC ("FPM") is a Delaware limited liability company with a principal place of business at 1650 Broadway, Suite 1108, New York, New York, 10019, and is the rightful owner of the subject twenty-two (22) musical recordings, all duly registered with the United States Copyright Office (hereinafter, the "Works"). The titles and registration numbers for each work are listed in **Exhibit A**.

5. FPM is informed and believes, and thereon alleges, that Defendant Loyola is a Maryland nonprofit educational institution with its principal place of business located at 4501 N. Charles Street, Baltimore, MD 21210. Loyola originally published the infringing material at issue in this Action.

## PRELIMINARY STATEMENT

6. Plaintiff has recently discovered that Loyola has made use of at least 22 copyrighted Works of FPM as if FPM's music library was their own personal cookie jar in at least 36 willfully infringing uses over the last several years. As discussed below, none of this conduct was known to FPM until recently. Considering that tens of millions of websites and hundreds of millions of videos exist on the internet, if not more, that would need to be monitored to detect these infringing uses, FPM's discovery is nothing short of remarkable. The massive unauthorized copying of the

Works was also not perpetrated by mistake. As discussed below, FPM's licensing and payment requirements are clearly described on the FPM website.

7. FPM is a popular digital music library that offers a large online catalog of over 50,000 creative works for licensing under clear terms of use provided for on the FPM website. The FPM Works are made available by FPM for the material purpose of offering them for use in broadcast commercial videos. FPM's business model is based on this premise. A significant market for FPM is thus licensing its Works for a fee to companies for commercial use in advertisements or other synchronized broadcasts in which FPM's music is placed with audiovisual works. Loyola did exactly that –used FPM's Works, which are the subject of this Action.

8. However, as discussed more fully below, no license was ever acquired to use the Works in any way, though Loyola has continued to exploit the Works.

9. Further, Loyola cannot claim that it obtained the Works any place other than the FPM website, as the Works involved in this Action are exclusively offered only on the FPM website. As any legitimate business and university knows, Loyola knew it needed to obtain a license to use other's intellectual property, including and specifically musical compositions and recordings, in order to synchronize that copyrighted music in their commercial advertisements. Despite this, Loyola willfully and consciously did not do so here. FPM is informed and believes that Loyola exploited the Works on certain videos promoting its collegiate athletics on a substantial scale.

10. FPM works with TuneSat, LLC ("TuneSat"), a technology company that detects uses of music that are exploited online and on television. TuneSat services major music publishing

companies, major record labels, and other copyright owners on a global scale in 14 countries and through millions of websites. TuneSat has more than 10,000 registered user accounts worldwide.

11. TuneSat sent FPM a report of these infringing activities on or about May 13, 2025. As mentioned, detecting these infringements is no small feat considering there are tens of millions of websites and hundreds of millions of videos on the internet, with more created each day. For FPM to be able to find every use of FPM's Works on the internet would be impossible. Finding these infringements is akin to finding a needle in a haystack. Loyola apparently counted on the difficulty of being caught in deciding to engage in this willful copyright infringement.

12. FPM owns the duly registered copyrighted Works that have been infringed (of which they are aware), identified on Ex. A with their corresponding use. FPM has identified, through TuneSat's audio fingerprint technology, that Loyola has exploited the Works in at least thirty-six (36) different videos. In fact, all these uses of the Works are a direct lifting, meaning they used the exact works exclusively offered on FPM's website that require a license and payment.

13. FPM thus brings this Action to vindicate its rights for the willful infringement of the FPM Copyrights, to recover damages, and requests that this Court grant the maximum award of statutory damages for willful copyright infringement in the amount of $150,000.00 per infringed work. Anything less than the maximum in statutory damages would fail to deter future infringement. The copying of the Works without a license and payment destroys the value of these copyrights, and sends a message that anyone can use FPM's music catalog at no cost and without consequence.

**STATEMENT OF FACTS**

I.  **Introduction to FPM & Its Business Model**

14. Scott Schreer ("Schreer"), one of America's most prolific and performed TV composers and producers, formed FPM in 2001 as a high-quality online music library. Schreer, whose credits include, among many others, the *NFL on Fox* theme, is also a contributing composer to FPM's music catalog. Schreer has won seven Distinguished BMI songwriter of the year awards over the last ten years. BMI only gives out 25 such awards per year to their more than one million current writer and publisher members.

15. FPM is one of the world's most visited and popular online music production library destination portals for major broadcasters, advertisers, production studios, prosumers and consumers alike. FPM offers its music catalog of over 50,000 creative works, representing 480 composers. Its catalog is available for licensed commercial use intended to be synchronized with audiovisual works. FPM has issued more than 4 million internet licenses with more than 250 million impressions to its website since its inception.

16. FPM's website (freeplaymusic.com) clearly states that each of its songs, including the Works, must be licensed for the commercial use at issue in this Action. For example, there is a "Pricing" and a "Shopping Cart" feature prominently located at the top right of its website:



17. Under the Pricing tab, the "Education" usage clearly states that "All videos and presentations concerning school athletics require a business use license."

18. Additionally, FPM's website is governed by its Terms of Use Agreement ("Terms of Use"), entitled "Freeplay Music LLC Terms of Use Agreement," which can be found at the following URL: https://freeplaymusic.com/#/terms. The Terms of Use state the following, "PLEASE CLICK HERE TO READ MORE ABOUT OUR MUSIC LICENSING. A WRITTEN LICENSE IS REQUIRED FOR ALL USE OF FREEPLAY'S MUSIC." The hyperlink takes you to the Pricing site, mentioned directly above.

19. As FPM's website makes clear, FPM requires users to license each of its songs, including the Works, for any exploitation on YouTube or otherwise.

20. Prior to downloading and using FPM's music, including the Works, users must enter into a written license agreement with FPM that corresponds with the user's intended use of the works (i.e., personal or commercial). The fee for such licenses varies, as discussed above, but Loyola's exploitations of the Works would have been at least $250 per each track, per each video use for a one (1) year license.

21. Additionally, the front page of FPM's website lists the "Top Tracks," as shown directly below. There is a shopping cart image below the column that says "License." At all relevant times herein, FPM has made it clear that a license is required for the use of its works.



22. Had FPM not been so vigilant as to use TuneSat to search Defendant's videos uploaded across various streaming platforms, there is no way that they could have discovered these infringements.

II. **Defendant Loyola & Its Unauthorized Use of the Works**

23. Loyola is a private university in Baltimore, Maryland.

24. Without any license, Loyola has unlawfully utilized and directly copied at least twenty-two (22) of FPM's copywritten works in at least thirty-six (36) videos which it exploited on the internet, including on YouTube and Facebook (See Ex. A).

## CAUSE OF ACTION

### Copyright Infringement Against Loyola

25. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein. FPM is the legal and beneficial owner of the United States copyright in all rights, titles, and interests in the sound recordings and musical compositions listed in Ex. A attached hereto.

26. FPM has never authorized Defendant, by license or otherwise, to copy, reproduce or exploit in any manner any of the Works.

27. Each of the Works infringed upon have been duly registered with the U.S. Copyright Office, and registration numbers for the Works are identified in Ex. A.

28. Defendant has willfully exploited at least twenty-two (22) of FPM's copywritten works in at least thirty-six (36) videos. The infringing content containing the Works has been viewed over one hundred ten thousand times, at minimum.

29. Defendant's conduct, at all times relevant to this Action, has been targeted, knowing, willful, and with complete disregard for FPM's rights. Defendant understood the FPM

licensing process yet willfully chose to continue to exploit the Works over the course of several years without obtaining the necessary licenses and making the required payments. Upon information and belief, Defendant obtained significant economic advantage through the unauthorized use of the Works.

30. As a proximate cause of Defendant's wrongful conduct, FPM has been irreparably harmed and suffered actual damages including lost profits and licensing fees, and diminution of the value of the copyrights in the Works.

31. Pursuant to 17 U.S.C. § 504(b), FPM is entitled to damages and Defendant's profits, in an amount to be proven at trial.

32. Pursuant to 17 U.S.C. § 504(c), FPM is alternatively entitled to the maximum amount of statutory damages, $150,000.00, for willful copyright infringement of each Work from Defendant.

33. As a direct and proximate result of Defendant's conduct, FPM has incurred attorneys' fees and costs which are recoverable pursuant to 17 U.S.C. § 505.

34. Defendant's conduct has caused, is continuing to cause, and will further cause great damage to FPM, which damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, FPM will suffer irreparable injury, for which FPM is without adequate remedy at law. Accordingly, FPM is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 following judgment, prohibiting further infringement, reproduction, distribution, sale, public performance, other use, or exploitation of the Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief, as follows:

35. For Judgment in favor of Plaintiff and against Defendant;

36. For a declaration and finding that Defendant has willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act, including a finding that Defendant is liable for actual damages, as well as for Defendant's profits pursuant to 17 U.S.C § 504(a)(1) and (b);

37. For an accounting of all profits, income, receipts, or other benefits derived by Defendant from the production, copying, display, promotion, distribution, broadcast, public performance, or sale of products and services or other media, either now known or hereafter devised, that improperly or unlawfully infringe Plaintiff's copyrights in the Works pursuant to 17 U.S.C § 504(a)(1) and (b);

38. For statutory damages, upon election prior to final judgment in the alternative to actual damages and profits, for willful copyright infringement pursuant to 17 U.S.C § 504(c);

39. For costs of suit herein, including an award of attorneys' fees pursuant to 17 U.S.C § 505;

40. For pre-judgment and post-judgment interest;

41. For a running royalty stemming from the use of the Works by Defendant following judgment in an amount to be proven at trial, or in the alternative, for the entry of an injunction requiring Defendant, its officers, agents, servants, employees, representatives, successors, licensees, partners, attorneys, and assigns, and all persons acting in concert or participation with each or any of them to be permanently enjoined from directly or indirectly infringing, reproducing, displaying, promoting, advertising, distributing, or selling any work that

infringes, contributorily infringes, or vicariously infringes Plaintiff's rights in the Works protected by the Copyright Act; and

42. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a jury trial on all issues raised in this complaint.

Dated this 9th day of January, 2026.     Respectfully submitted,

By:   /s/ Jaime W. Luse
Jaime W. Luse (Bar ID: 27394)
Jessica J. Bustamante (Bar ID 31825))
TYDINGS & ROSENBERG LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202
Telephone: (410) 752-9700
Fax: (410) 727-5460
jluse@tydings.com
jbustamante@tydings.com

Richard S. Busch, TN Bar No. 014594
King & Ballow
26 Century Blvd., Suite NT700
Nashville, TN 37214
Phone Number: (615) 726-5422
rbusch@kingballow.com
*(Pro hac application to be submitted)*

*Attorneys for Plaintiff*